J-S52009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELIUS ALEXANDER ANDREWS, | |
| Appellant | No. 1745 WDA 2014 |

Appeal from the Judgment of Sentence Entered February 28, 2011
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000132-2009

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 21, 2015**

Cornelius Alexander Andrews ("Appellant") appeals from the judgment of sentence entered on February 28, 2011, in the Court of Common Pleas of Blair County.  We affirm.

The suppression court set forth the facts of this case as follows:

The date of the alleged offense is on or about July 10, 2008, within the City of Altoona, involving a controlled purchase through [the] use of a confidential informant (hereinafter "CI").

On the date of [the] incident, Officer Christopher Moser, Detective Thomas Brandt, and Patrolman Andrew Crist, of the West IV Drug Task Force, came into contact with the CI . . . at his residence within the City of Altoona.  The CI was the initial target of the officer's [sic] investigation.  During such time, the CI advised the officers that he could immediately arrange a drug transaction with his alleged supplier, [Appellant].  The officers then searched the CI and the residence for controlled substances, US currency and contraband, with negative results.  In the presence of Detective Thomas Brandt, the CI placed a phone call to [Appellant] to arrange for a $4,000 purchase of

four ounces of cocaine. Detective Brandt verified that the call was placed to a certain phone number, and that he was able to hear what the CI was saying, but that he did not overhear anything said from the other end of the conversation. [Appellant] subsequently entered the CI's residence, wearing a motorcycle helmet with a raised visor. The CI verified that [Appellant] provided him with the cocaine in exchange for the $4,000. The CI immediately turned over the cocaine to Detective Brandt, who was undercover.

Upon exiting the residence, [Appellant] was taken into custody by Officer Christopher Moser of the Altoona Police Department. Officer Moser was assigned to a surveillance detail outside the CI's residence. Officer Moser had been informed that the target would arrive via motorcycle, and he observed an individual riding a motorcycle wearing a full-face helmet pull up to the residence and enter. Upon observing the same individual leave the residence, Officer Moser then detained him.

Suppression Opinion, 6/26/09, at 1-2 (internal citations omitted). Following Appellant's arrest, Officer Crist opened Appellant's cellular phone to access its number in order to verify it was the same number the CI called for the drug purchase. N.T. Preliminary Hearing, 12/29/08, at 65–66.

Appellant was arrested and charged with possession with intent to deliver cocaine, possession of cocaine, and criminal use of communication facility. Following a preliminary hearing on December 29, 2008, the charges were bound over to court. Appellant filed a pretrial motion to suppress evidence retrieved from his cellular phone, arguing that the search of his cellular phone incident to his arrest was unlawful. Oral argument was held on May 22, 2009, at which time a transcript of the preliminary hearing was admitted into the record and used by stipulation as the factual basis for the

suppression court's decision. The suppression court denied Appellant's motion. Suppression Opinion, 6/26/09, at 7.

Appellant proceeded to a bench trial where he was convicted of the above charges. Appellant did not appear for sentencing and remained a fugitive until apprehended by United States Marshalls in December of 2010. On February 11, 2011, the trial court sentenced Appellant to incarceration for an aggregate term of twelve to twenty-four months followed by a period of probation. Sentencing Order, 2/28/11. Appellant did not file a direct appeal. On August 16, 2011, he filed a petition for post-conviction relief, seeking reinstatement of his direct appeal rights, which the trial court granted on May 3, 2012. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the denial of his motion to suppress evidence retrieved from his cellular phone without a warrant.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.... The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted).

Appellant argues that the trial court "erred in determining that the warrantless search of his cell phone upon his arrest was lawful." Appellant's Brief at 8. According to Appellant, the evidence should have been suppressed because the police did not secure a search warrant before searching his cellular phone. In support of his position, Appellant relies on our decision in *Commonwealth v. Stem*, 96 A.3d 407 (Pa. Super. 2014). In *Stem*, we addressed this issue, relying upon the legal analysis and holding of the United States Supreme Court in *Riley v. California*, ___ U.S. ___, 134 S.Ct. 2473 (2014). The *Riley* Court determined that the warrantless search of a cellular telephone conducted incident to an arrest is unconstitutional. *Stem*, 96 A.3d at 414 (citing *Riley*, 134 S.Ct. at 2495).

In response, the Commonwealth concedes that, "while the seizure of the cellular telephone at issue was lawful pursuant to a search incident to arrest, the warrantless search of the phone was premature . . . [because] there were no exigent circumstances or exceptions to the warrant requirement." Commonwealth's Brief at 10. "However," the Commonwealth continues:

> the cellular telephone at issue [was] lawfully in police custody and could [have been] searched pursuant to a search warrant that summarized the evidence in this case prior to the search of said telephone. Accordingly, [the Commonwealth] respectfully submits that the doctrine of inevitable discovery is applicable and the evidence was properly admitted.

*Id.* (citations omitted).

> With regard to the inevitable discovery rule, under Pennsylvania law:

>> if the prosecution can establish by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, the evidence is admissible. The purpose of the inevitable discovery rule is to block setting aside convictions that would have been obtained without police misconduct.

> *See Commonwealth v. Bailey*, 986 A.2d 860, 862 (Pa.Super.2009), quoting *Commonwealth v. Gonzalez*, 979 A.2d 879, 890 (Pa.Super.2009).

*Commonwealth v. Gatlos*, 76 A.3d 44, 60 n.13 (Pa. Super. 2013).

In denying Appellant's motion, the suppression court applied the inevitable discovery doctrine with the following analysis:

> After seizure of the cell phone from [Appellant], Officer Crist testified that at the Altoona Police Department station, he opened [Appellant's] cell phone to access the phone number to verify that it was the same number called by the CI. (PH Tr., pp. 65–66).

> The Commonwealth argues that the seizure of the cellular telephone at issue was lawful pursuant to a search incident to a lawful arrest. . . . [W]e agree. The Commonwealth concedes, however, that the warrantless search of the phone was premature. . . . The Commonwealth submits, however, that the cell phone at issue is lawfully in police custody and could be searched . . . pursuant to a search warrant that summarized the evidence in this case prior to the search of the cell phone. Therefore, the Commonwealth requests that we allow the evidence to be admitted under the doctrine of "**inevitable discovery**". *Commonwealth v. Rood*, 686 A.2d 442 (Pa. Cmwlth. 1996).

* * *

- 5 -

Based upon the factual circumstances herein, we are satisfied that the **"inevitable discovery doctrine" is applicable**. Both the inevitable discovery doctrine and independent source rule[1] are intended to "put the police in **the same, not a worse**, position than they would have been in if no police error or misconduct had occurred." **Rood**, 686 A.2d at 448, quoting **Nix v. Williams**, 467 U.S. 431 443, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Suppressing evidence which . . . would have inevitably been discovered, would effectively place the police and prosecutors in a worse position when the particular evidence . . . would have inevitably been, **lawfully** obtained. In such situations, there is no significant causal connection between the acquisition of the evidence and the unlawful police conduct, and evidence so obtained is not considered to be tainted by, or to be the fruit of, an illegal search. **Id.**

Suppression Opinion, 6/26/09, at 6–7 (emphasis in original).

Upon review, we conclude that the suppression court's factual findings are supported by the record and its legal conclusions drawn from those facts are correct. Officer Crist had the authority to seize Appellant's cellular phone incident to a lawful arrest. **See Riley**, 134 S.Ct. at 411 (recognizing that the police are constitutionally permitted to seize and secure cellular

_____

[1] We recently reiterated the independent source doctrine in a cellular phone search case:

There is a two-prong test governing the application of the independent source doctrine: (1) whether the decision to seek a warrant was prompted by what was seen during the initial warrantless entry; and, (2) whether the magistrate was informed at all of the information improperly obtained.

**Commonwealth v. Mosley**, 114 A.3d 1072, 1081 (Pa. Super. 2015) (quoting **Commonwealth v. Ruey**, 854 A.2d 560, 564–565 (Pa. Super. 2004)).

phones in order to prevent the destruction of evidence). At the police station, while Officer Crist was packaging the money, the drugs, and the phone, he opened the phone in order to obtain the number. N.T., 12/29/08, at 65–66. The record is unclear regarding whether Officer Crist actually "searched" the phone (*i.e.*, by scrolling through screens, swiping the phone on, or otherwise accessing data) like in **Stem**, where a police officer inspected the cellular phone after the defendant's arrest, turned on the phone, selected the picture icon, and then searched the photo data. **Stem**, 96 A.3d at 408. Nevertheless, even if Officer Crist improperly searched the cellular phone confiscated incident to Appellant's arrest, the phone was properly in police custody, and the phone number would have inevitably been discovered through lawful means. The police could have called the number dialed by the CI to verify that Appellant's phone was used for the drug transaction. Additionally, Officer Crist did not search for or obtain any other information from Appellant's phone, unlike in **Stem** where the officer selected the smart phone picture icon and uncovered what appeared to be a photograph depicting child pornography. **Id.** Thus, we conclude that any improper viewing by Officer Crist did not warrant setting aside a conviction that would have been obtained without police misconduct. **Bailey**, 986 A.2d at 862. Hence, the suppression court did not err in denying Appellant's motion.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Wecht concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2015